## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

IN-N-OUT BURGERS,

    Plaintiff/Counter-Defendant,

v.

DOLL N BURGERS LLC, et al,

    Defendants/Counter-Plaintiffs.

Civil Action No. 20-11911

Hon. Robert H. Cleland

Magistrate Judge Anthony P. Patti

---

Brian D. Wassom (P60381)
Regina M. Gilmour (P83117)
WARNER NORCROSS + JUDD LLP
45000 River Ridge Drive, Suite 300
Clinton Township, Michigan 48038
(586) 303-4139
Attorneys for Plaintiffs
bwassom@wnj.com
rgilmour@wnj.com

Bradley L. Smith (P48138)
ENDURANCE LAW GROUP PLC
133 W. Michigan Avenue, Suite 10
Jackson, Michigan 49201
(517) 879-0253
Attorneys for Defendants
bsmith@endurancelaw.com

---

## PLAINTIFF'S FIRST AMENDED FINAL WITNESS LIST

With consent of Defendants and pursuant to Paragraph 4 of the Court's [DE 16] November 4, 2020 Scheduling Order, Plaintiff ("INO") discloses to Defendants ("DNB") the following list, which constitutes a full good-faith disclosure of each witness who is both known to Plaintiff and intended at this time to be called at trial, subject to witness availability:

| Name, | Synopsis of Expected Testimony |
|---|---|
| Denny Warnick | All issues raised in complaint, including INO marketing efforts, development and |

1

|  | implementation of trade dress, investigation of DNB |
|---|---|
| Michelle Guzman | INO marketing efforts and spending |
| Jeff Dreher | Sale of INO merchandise to, inter alia, Michigan |
| Carl Van Fleet (provisionally, subject to availability/health) | INO operations, trade dress, promotional activity |
| INO keeper of records | Authentication of any INO documents to which the parties do not stipulate, such as, inter alia, investigation records of DNB, documents from prior litigation involving INO |
| Scott Lewis | Results of investigation demonstrating actual confusion |
| Isabella Cunningham | Expert witness who will testify in support of her surveys concerning secondary meaning and likelihood of confusion |
| Scott Hoel | Witness' perception of secondary meaning in the INO Law Trade Dress, of similarity between the parties' decors, and of actual confusion, as expressed in part through social media |
| Lyle Vinatieri | Witness' perception of secondary meaning in the INO Law Trade Dress, of similarity between the parties' decors, and of actual confusion, as expressed in part through social media |
| Patricia Rodriguez | Witness' perception of secondary meaning in the INO Law Trade Dress, of similarity between the parties' decors, and of actual confusion, as expressed in part through social media |
| Bryce Bingham | Witness' perception of secondary meaning in the INO Law Trade Dress, of similarity between the parties' decors, and of actual confusion, as expressed in part through social media |
| Austin Zacharias | Witness' perception of secondary meaning in the INO Law Trade Dress, of similarity between the parties' decors, and of actual |

|  | confusion, as expressed in part through social media |
|---|---|
| Dana Robinson | Witness' perception of secondary meaning in the INO Law Trade Dress, of similarity between the parties' decors, and of actual confusion, as expressed in part through social media |
| Panda Thagreat | Witness' perception of secondary meaning in the INO Law Trade Dress, of similarity between the parties' decors, and of actual confusion, as expressed in part through social media |
| かいかい (KaiKai) (see 2d Am. Comp. ¶32.b) | Witness' perception of secondary meaning in the INO Law Trade Dress, of similarity between the parties' decors, and of actual confusion, as expressed in part through social media |
| Jesse D. (see 2d Am. Comp. ¶32.c) | Witness' perception of secondary meaning in the INO Law Trade Dress, of similarity between the parties' decors, and of actual confusion, as expressed in part through social media |
| Kasey W. (see 2d Am. Comp. ¶32.c) | Witness' perception of secondary meaning in the INO Law Trade Dress, of similarity between the parties' decors, and of actual confusion, as expressed in part through social media |
| Kevin Reynolds | Witness' perception of secondary meaning in the INO Law Trade Dress, and of similarity between the parties' decors |
| Matt Solmon | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Jessica Grasl | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Jathan Floren | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Michelle Todd | Witness' perception of secondary meaning in the INO Law Trade Dress |

| | |
|---|---|
| Mark Warshaw | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Robert McLain | Witness' perception of secondary meaning in the INO Law Trade Dress |
| John D. Sizemore | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Kevin Henrichson | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Mark S. Lamouruex | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Mariana Prado Anaya | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Maximiliano Prado Anaya | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Philip Alexander Murray Hootsmans | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Briana Chronister | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Favio Rosendo Prado | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Martha Eugenia Anaya Prado | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Corey Gwin (see INO000058) | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Joseph J. (see INO 000053) | Witness' perception of secondary meaning in the INO Law Trade Dress |
| Author of other social media account produced in discovery | Strength of INO secondary meaning and customer devotion |
| Justin Dalenberg | Defendants' infringing activities and the likelihood of confusion caused by them |
| Joel Dalenberg | Defendants' infringing activities and the likelihood of confusion caused by them |
| Griffin Zotter | Defendants' infringing activities and the likelihood of confusion caused by them |
| Ken Heers | Defendants' infringing activities and the likelihood of confusion caused by them |
| John Burtka | Defendants' infringing activities and the likelihood of confusion caused by them |

| Gracie Lou Fetters | Defendants' infringing activities and the likelihood of confusion caused by them |
|---|---|
| James Johnson | Defendants' infringing activities and the likelihood of confusion caused by them |

In addition, Plaintiff reserves the right to call any of the following:

- Other representatives of the parties with similar information.

- Any expert witness called or consulted by any of the parties to this lawsuit, including any rebuttal expert witnesses.

- Keeper of the records of the parties to this lawsuit or of any documents that have been disclosed throughout the course of discovery.

- All witnesses listed on any preliminary or final witness list filed by any of the parties to this lawsuit.

- All persons identified in any initial disclosure by any party to this lawsuit.

- All necessary rebuttal witnesses, including rebuttal expert witnesses.

- Any person whose name was disclosed in the course of discovery (whether by deposition, interrogatory, request for admission, any document disclosed throughout the course of discovery, or otherwise).

- Any person whose deposition was taken throughout the course of discovery.

- Any person providing an affidavit or declaration in support of any party to this lawsuit.

- Any person who appears in any pleading of record.

                                                                                       Respectfully submitted,

Dated: July 28, 2021                          By: /s/ Brian D. Wassom
                                                                 Brian D. Wassom (P60381)
                                                                 WARNER NORCROSS + JUDD LLP
                                                                 45000 River Ridge Drive, Suite 300
                                                                Clinton Township, Michigan 48038
                                                                 (248) 784-5039
                                                                 Attorneys for Plaintiff
                                                                 bwassom@wnj.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2021, I electronically filed the foregoing paper via the CM/ECF system.

                                                                 By: /s/ Brian D. Wassom